UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRANEIL THOMAS, and ANTONIO TUCKER<br>      Plaintiffs, | )<br>)<br>)<br>)<br>) | |
| v. | ) | No. 25-CV-2456 |
| THE VILLAGE OF BOLINGBROOK;<br>CHIEF MICHAEL ROMPA, in his<br>individual capacity; | )<br>)<br>)<br>) | JURY TRIAL DEMANDED |
|       Defendants. | )<br>)<br>)<br>) | |

## COMPLAINT

Plaintiffs, Traneil Thomas and Antonio Tucker, by their attorneys, Keith L. Hunt and Delaney A. Hunt of Hunt Law, P.C., complain against Defendants Village of Bolingbrook and Michael Rompa as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this case under 42 U.S.C. § 1983 (Equal Protection), Title VII (race and retaliation), Age Discrimination in Employment Act, and the Illinois Human Rights Act against Defendants for unlawfully discriminating against Plaintiffs based on their age and race.

## THE PARTIES

2. The Plaintiff, Traneil Thomas, resides in Bolingbrook, Will County, Illinois, within this judicial district.

3. The Plaintiff, Antonio Tucker, resides in Joliet, Will County, Illinois within this judicial district.

4. The Defendant, Village of Bolingbrook ("Village"), is an Illinois Municipal Corporation located in Will and DuPage Counties, Illinois and resides within this judicial district.

5. The Defendant Village operates the Bolingbrook Police Department.

6. Defendant Michael Rompa resides in Bolingbrook, Will County, Illinois within this judicial district.

7. Defendant Rompa is sued in his individual capacity.

## JURISDICTION & VENUE

8. This Court has jurisdiction over the parties and the subject matter.

9. This Court has federal subject matter jurisdiction over the Plaintiffs' federal law claims (Title VII) and constitutional law claims (§1983) pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this court under 28 U.S.C § 1391(b)(2) as the unlawful employment practices and conduct described in this Complaint were committed in this judicial district.

## FACTS

12. Plaintiff Thomas has been employed by the Village of Bolingbrook in its Police Department since 2003.

13. Plaintiff Tucker has been employed with the Village of Bolingbrook in its police department since 2006.

14. Thomas currently holds the rank of Patrol Seargeant.

15. Tucker currently holds the rank of Patrol Sergeant.

16. Thomas is African American.

17. Tucker is African American.

18. Thomas is 51 years old.

19. Tucker is 45 years old.

## HISTORICAL DISCRIMINATION

20. The Village of Bolingbrook has a pattern and practice of discrimination within its Police Department.

21. The Command Staff structure at the Village of Bolingbrook Police Department historically consists of white male officers.

22. The Village of Bolingbrook Police Department promotes white officers earlier in their careers than black officers.

23. There are currently only three (3) black officers in the supervisory structure of the Department, out of the twenty-five (25) police officers holding the rank of Sergeant or above: Plaintiffs (Thomas and Tucker) and Captain Jason Mitchem.

24. Historically, the Village of Bolingbrook Police Department has not had more than one (1) black supervisor at the rank of Lieutenant or above at any time.

25. No two (2) persons of color have ever held the rank of Lieutenant or above at the same time.

26. The current Captain, Jason Mitchem (black), was not appointed to the rank of Captain until Lt. Carter Larry (black) left the department.

27. No one in the history of The Village of Bolingbrook Police Department has held the rank of Captain without first testing for and then being promoted to the rank of Lieutenant, except Mitchem, who was promoted directly from the rank of Sergeant to Captain.

28. Mitchem was not qualified for the promotion to Captain but was nevertheless promoted as a "token" because of his race and his family/political ties.

29. Chief Rompa was accused of racism earlier in his career.

30. The Village of Bolingbrook subsequently promoted Rompa despite the racism accusation.

**DISCRIMINATION IN PROMOTIONAL PROCESS**

31. Plaintiffs have been discriminated against in the promotional process.

32. The promotional process consists of three (3) components: a written test, oral interview, and Chief's Points (awarded by the Chief of Police).

33. Typically the oral interview was to be conducted by the Board of Fire and Police Commissioners.

34. During this process (oral interview), there were only two (2) commissioners present (a white male and white female), along with the Chief (white male), and the Captain of Professional Standards (white male).

35. By conducting the oral interview in this way, the Chief had input into and/or controlled two of the three components in the evaluation process thereby making it more subjective.

36. When the Chief awarded "Chief Points", Plaintiff Thomas awarded fewer points than any white officer despite having more experience, more time as Sergeant, and more education than any other applicant.

37. The "Chief's Points" are not posted or communicated to applicants, thereby making it even more subjective.

38. Plaintiff Thomas has more education and experience than white officers who are promoted.

39. Plaintiffs have each earned their Master's Degrees.

40. On information and belief, Chief Rompa has not earned his Bachelor's Degree or if he did, Rompa did so only after receiving several promotions.

41. Deputy Chief Koren has not earned his Master's Degree.

42. Captain Mitchem has not earned any college degree.

43. Captain Mitchem has previously failed the Lieutenant's test.

44. Captain Mitchem has previously failed the Sergeant's test.

45. Black officers are promoted at a slower rate than white officers.

46. Plaintiff Thomas was not promoted to Sergeant until completing 18 years with the Department.

47. The average age of white officers promoted to the rank of Sergeant is approximately 35.7 years of age.

48. Plaintiff Thomas was not promoted to Sergeant until he was 49 years of age – more than ten (10) years beyond the average age of white officers.

**PLAINTIFFS' EEOC & IDHR COMPLAINTS**

49. Plaintiff Thomas timely filed an EEOC & IDHR Complaint on September 20, 2024 based on the conduct described above. (Exhibit A).

50. Plaintiff Tucker timely filed an EEOC and IDHR Complaint on September 24, 2024 based on the conduct described above. (Exhibit B).

51. Plaintiffs intend to amend this Complaint at the completion of the EEOC & IDHR investigation to add his Title VII claims.

**COUNT I**
**42 U.S.C. § 1983**
**EQUAL PROTECTION BASED ON RACE**
**(Against All Defendants)**

52. Plaintiffs adopt, reallege and incorporate by reference the allegations in the preceding paragraphs 1 through 51 as and for this paragraph.

53. Plaintiffs are African American.

54. Plaintiffs are members of a protected class.

55. At all relevant times, Defendants acted intentionally and willfully.

56. At all relevant times, Defendants acted under color of law.

57. Defendant Village of Bolingbrook has a custom, policy and/or practice of discriminating against African American officers.

58. White officers are routinely treated more favorably than African American officers.

59. There are currently only three (3) black officers in the overall command staff structure consisting of twenty-five (25) police officers holding the rank of Sergeant or above.

60. Plaintiffs have scored equal to or higher than white candidates in the promotional testing process yet were placed lower on the final list than white candidates.

61. Plaintiffs took the Sergeants exam several times.

62. Despite scoring equal to or higher on the exam compared to white applicants, Plaintiffs were ranked lower overall on the promotional list.

63. Defendants have favored white males in the promotional process.

64. Defendants have awarded more "Chief Points" to white males in the promotional process solely based on race, and not based on a legitimate non-discriminatory reason.

65. Defendants have given preferential treatment to white males in the promotional process, including but not limited to:

    a. Patrick Kinsella;
    b. Steven Ficek;
    c. Joseph Hilbruner;
    d. Steve Jahnke;
    e. Nicholas Keedy;
    f. Dane Stepien.

66. Defendants allow racist comments and racist based jokes in the workplace.

67. Defendants allow the use of the "N" word in the workplace.

68. Defendants subjected Plaintiffs to increased scrutiny and greater scrutiny than their similarly situated non-African American counterparts and other non-African American employees.

69. Defendants have discriminated against Thomas and Tucker based on their race in one or more of the following ways:

    a. By limiting the number of African Americans who could hold positions in the police department command structure based on race;

    b. By giving preferential treatment to white males in promotional processes, including but not limited to:

        1. Patrick Kinsella;
        2. Brennan Woods.

    c. By promoting white males with less seniority and/or less education than Complainant, including but not limited to:

        1. Patrick Kinsella

    d. By favoring white males in the promotional process and/or by awarding more "Chief's points" to white males in the promotional process;

70. By denying and/or limiting Tucker's overtime opportunities and/or micromanaging Complainant's overtime, but not questioning or limiting the amount of overtime white officers were permitted to work, including but not limited to:

    1. Kevin Hopkins (white)
    2. Pete Moranda (white)
    3. Kenny Kikilas (white)
    4. James Block (white)
    5. Nicholas Christopher (white)
    6. David Henzler (white)
    7. Brian Martin (white)
    8. Jonathan Moritz (white)
    9. Christopher Salerno (white)
    10. Nicholas Schmidt (white)
    11. Daniel Smetters (white)
    12. Thomas Stepanek (white)
    13. Ramon Orejel (white)

71. The Department denied Tucker the ability to use "admin" time but allowing white officers to use admin time;

72. The Department questioned Tucker's secondary employment and required Tucker to complete additional paperwork/questions regarding secondary employment, but has not required white officers to do the same;

73. The Department would allow the following types of racist and race-based jokes and/or subjected Thomas and/or Tucker to, including, but not limited to:

   a. use of the "N" word;
   b. "Smile so we can see you" – during a night shift when it was dark outside, referring to Tucker's dark skin;
   c. Discussions about "ashy" skin on black women;
   d. Comments about how many family members black officers have and/or bring to promotional ceremonies;
   e. By referring to Tucker as a "crackhead";
   f. White officer(s) referring to blacks as "shitheads"
   g. White officer(s) commenting that diversity training was a waste of time or making other comments or jokes during the sessions;
   h. Now Chief Rompa referring to an African American female civilian employee as having a "Cadillac Ass" referring to the size of her buttocks.

74. The Department and certain of its command staff (Captain Schrubbe) discouraged Tucker from taking the Lieutenant's promotional exam and/or threatened him that if he did take the test it could negatively impact his career and stall any opportunity for future advancement.

75. Captain Schrubbe recently sent out an email with a photo of a homeless man wearing sweatshirt bearing a brand logo owned by Thomas in an effort to embarrass Thomas and in retaliation for Thomas having complained about unlawful discrimination.

76. As a direct and proximate result of Defendants' willful and/or intentional conduct, Plaintiffs suffered constitutional injuries.

77. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs were damaged.

## COUNT II
### 42 U.S.C § 1981- RACE DISCRIMINATION
(Against All Defendants)

78. Plaintiffs adopt, reallege and incorporate by reference the allegations on paragraphs 1 through 77 as and for this paragraph.

79. Defendants intentionally discriminated against Plaintiffs.

80. As a direct and proximate result of Defendants' willful and/or intentional conduct, Plaintiffs suffered constitutional injuries.

81. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs were damaged.

## COUNT III
### 42 U.S.C § 1983 – EQUAL PROTECTION BASED ON AGE
(Against All Defendants)

82. Plaintiff adopts, realleges and incorporates by reference the allegations in paragraphs 1 through 81 as and for this paragraph.

83. Plaintiffs at all relevant times were members of a protected class based on age (over 40 years old).

84. Defendants promoted Plaintiffs' younger counterparts who were significantly younger than Plaintiff, including but not limited to:

    a. Mike Rompa – promotion to Sergeant at age 30;

    b. Mark McQueary – promotion to Sergeant at age 31;

    c. Swienton – promotion to Sergeant at age 30;

    d. Brant Duval – promotion to Sergeant at age 33;

    e. Steve Ficek – promotion to Sergeant at age 39;

    f. Evans – promotion to Sergeant at age 36;

    g. Geiser – promotion to Sergeant at age 40;

    h. Schrubbe – promotion to Sergeant at age 39;

    i. Nicholas Keedy – promotion to Sergeant at age 39;

    j. Kiska – promotion to Sergeant at age 40;

    k. Gallas – promotion to Sergeant at age 36;

    l. Sean Koren – promotion to Sergeant at age 37;

    m. Brennan Woods – promotion to Sergeant at age 36.

85. The average age of white officers being promoted to the rank of Sergeant is 35.7 years of age.

86. Plaintiff Thomas was not promoted to the rank of Sergeant until he was 49 years of age.

87. Plaintiff Tucker was not promoted to the rank of Sergeant until he was 43 years of age.

88. As a result of the intentional delay in holding back Thomas and Tucker based on their age, Defendants have further hindered their promotion to the rank of Lieutenant based on age.

89. Plaintiffs' age was a proximate cause of the Defendant's failure to promote.

90. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff was damaged.

91. Plaintiffs have been damaged as a result of the constitutional violations and deprivation of their right to Equal Protection.

## COUNT IV
## TITLE VII – RACE DISCRIMINATION
**(Against the Village)**

92. Plaintiffs adopt, reallege and incorporate by reference the allegations in paragraphs 1 through 91 as and for this paragraph.

93. Plaintiffs plead this Count as a placeholder claim.

94. Plaintiffs filed a Charge of Discrimination with the EEOC and IDHR on September 20, 2024 (Thomas) and September 24, 2024 (Tucker) respectively.

95. Due to the timing of Plaintiffs' § 1983 claims, Plaintiffs opted to file this Complaint to preserve the timeliness of their §1983 claims prior to the EEOC and IDHR determination.

96. Plaintiffs have requested Right to Sue letters from the EEOC based on the filing of this Complaint and the EEOC and IDHR's practice of closing investigations once lawsuits containing the same allegations as are contained in the Charge of Discrimination are filed in Court.

97. Plaintiffs intend to amend this Complaint to add Title VII and IHRA claims immediately after the filing window opens based on race and age.

## COUNT V
## TITLE VII – AGE DISCRIMINATION
(Against Village)

98. Plaintiffs adopt, reallege and incorporate by reference the allegations in paragraphs 1 through 97 as and for this paragraph.

99. Plaintiffs plead this Count as a placeholder claim.

100. Plaintiffs filed a Charge of Discrimination with the EEOC and IDHR on September 20, 2024 (Thomas) and September 24, 2024 (Tucker) respectively.

101. Due to the timing of Plaintiffs' § 1983 claims, Plaintiffs opted to file this Complaint to preserve the timeliness of their §1983 claims prior to the EEOC and IDHR determination.

102. Plaintiffs have requested Right to Sue letters from the EEOC based on the filing of this Complaint and the EEOC and IDHR's practice of closing investigations once lawsuits containing the same allegations as are contained in the Charge of Discrimination are filed in Court.

103. Plaintiffs intend to amend this Complaint to add Title VII and IHRA claims immediately after the filing window opens based on race and age.

## COUNT VI
## IHRA – RACE DISCRIMINATION
(Against the Village)

104. Plaintiffs adopt, reallege and incorporate by reference the allegations in paragraphs 1 through 103 as and for this paragraph.

105. Plaintiffs plead this Count as a placeholder claim.

106. Plaintiffs filed a Charge of Discrimination with the EEOC and IDHR on September 20, 2024 (Thomas) and September 24, 2024 (Tucker) respectively.

107. Due to the timing of Plaintiffs' § 1983 claims, Plaintiffs opted to file this Complaint to preserve the timeliness of their §1983 claims prior to the EEOC and IDHR determination.

108. Plaintiffs have requested Right to Sue letters from the EEOC based on the filing of this Complaint and the EEOC and IDHR's practice of closing investigations once lawsuits containing the same allegations as are contained in the Charge of Discrimination are filed in Court.

109. Plaintiffs intend to amend this Complaint to add Title VII and IHRA claims immediately after the filing window opens based on race and age.

**COUNT VII**
**IHRA– AGE DISCRIMINATION**
**(Against Village)**

110. Plaintiffs adopt, reallege and incorporate by reference the allegations in paragraphs 1 through 109 as and for this paragraph.

111. Plaintiffs plead this Count as a placeholder claim.

112. Plaintiffs filed a Charge of Discrimination with the EEOC and IDHR on September 20, 2024 (Thomas) and September 24, 2024 (Tucker) respectively.

113. Due to the timing of Plaintiffs' § 1983 claims, Plaintiffs opted to file this Complaint to preserve the timeliness of their §1983 claims prior to the EEOC and IDHR determination.

114. Plaintiffs have requested Right to Sue letters from the EEOC based on the filing of this Complaint and the EEOC and IDHR's practice of closing investigations once lawsuits containing the same allegations as are contained in the Charge of Discrimination are filed in Court.

115. Plaintiffs intend to amend this Complaint to add Title VII and IHRA claims immediately after the filing window opens based on race and age.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor and award Plaintiffs the following:

A. Back pay, including all lost past and future wages and benefits, including pension benefits (differentials);

B. Compensatory damages;

C. Punitive Damages against the individual defendant only;

D. Prejudgment interest;

E. Reasonable costs and attorneys' fees under all applicable statutes, including but not limited to 42 U.S.C. § 1988, the IHRA and IWPCA;

F. Permanently enjoin Defendants, and all those persons acting in concert or participation with them, from discriminating against and harassing Plaintiff, and award other appropriate injunctive relief;

G. Award Plaintiff all other relief as this Court deems appropriate, equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

        Respectfully submitted,
        HUNT LAW, P.C.

        *<u>Keith L. Hunt (electronic signature)</u>*
        An Attorney for Plaintiff

Keith L. Hunt
Delaney A. Hunt
HUNT LAW, P.C.
2275 Half Day Road
Suite 126
Bannockburn, IL 60015
P: (312) 558-1300
F: (312) 558-9911
khunt@huntpclaw.com
dhunt@huntpclaw.com